## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

MABREY BANCORPORATION, INC., AND )
MABREY BANK, )
                                    )
      Plaintiffs, )
                                    )
      v. )           Case No. 4:19-cv-00571-RJS-JFJ
                                    )
EVEREST NATIONAL INSURANCE )
COMPANY, )
                                    )
      Defendant. )

## MEMORANDUM DECISION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Mabrey Bancorporation, Inc. and Mabrey Bank (collectively Mabrey) initiated this action alleging Defendant Everest National Insurance Company (Everest) breached its obligations under a financial institution bond (the Policy) issued to Mabrey by refusing to indemnify Mabrey for certain losses.[1]  On May 4, 2022, the court granted Everest's Supplemental Motion for Summary Judgment, finding Everest owed no duty to indemnify Mabrey.[2]

Now before the court is Mabrey's Motion to Reconsider that Order.[3]  For the reasons described herein, the Motion is DENIED.

## BACKGROUND

This case arose from a coverage dispute between Mabrey, an Oklahoma bank, and Everest, its insurer.[4]  Everest issued Mabrey a Financial Institution Bond, No. 8100006380-181

---

[1] ECF 5, *Complaint* ¶ 19.

[2] ECF 72, *Memorandum Decision and Order Granting Everest's Supplemental Motion for Summary Judgment*.

[3] ECF 74, *Mabrey's Motion to Reconsider*.

[4] *See* ECF 72 at 9.

(the Policy).[5]  Mabrey sought coverage under the Policy for losses related to unauthorized cash withdrawals from Mabrey Automatic Teller Machines (ATMs) as part of a so-called "cash-out" scheme by thieves in 2018.[6]  Everest denied coverage on the bases that coverage was precluded by Policy Exclusion (k) and that Mabrey failed to provide Everest with timely notice of the discovered loss as required by the Policy.[7]

On October 28, 2019, Mabrey filed suit, asserting Everest breached its obligations under the Policy in refusing to indemnify Mabrey's claimed losses.[8]  In 2020, the parties filed cross-motions for summary judgment.[9]  Mabrey asserted coverage was required under the Policy's Insuring Agreement (B) and the ATM Rider.[10]  But Everest argued the Policy afforded no coverage because: (1) the loss suffered was not a "direct loss" covered by its Insuring Agreement (B) or the ATM Rider; (2) the loss was excluded from coverage under Exclusions (k), (v), and (t); and (3) Mabrey had failed to provide timely notice of loss as required under the Policy.[11]

Ultimately, the court granted Everest's Supplemental Motion for Summary Judgment, concluding that Mabrey's notice was untimely under the Policy terms, and the so-called "notice prejudice" exception did not apply to excuse notice provided outside the time set by the Policy.[12]  Mabrey now moves for reconsideration of that Order.[13]

---

[5] *See id.*

[6] *See id.* at 10–11.

[7] *See id.* at 11.

[8] *See id.* at 12.

[9] *See* ECF 39, *Mabrey's Motion for Summary Judgment*; ECF 46, *Everest's Motion for Summary Judgment*; ECF 61, *Everest's Supplemental Motion for Summary Judgment*.

[10] *See* ECF 72 at 12–13.

[11] *See id.* at 13.

[12] *Id.* at 18 (summarizing conclusions); *see also id.* at 19–32.

[13] ECF 74.

**LEGAL STANDARD**

Although not formally recognized by the Federal Rules of Civil Procedure, motions for reconsideration are generally construed under Rules 54(b), 59(e), or 60(b), depending on when the motion is filed.[14]  Mabrey moves for reconsideration under Rule 59(e).[15]

Rule 59(e) motions "must be filed no later than 28 days after the entry of judgment."[16] And they may only be granted based on the availability of new evidence, an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.[17]  A motion for reconsideration therefore may be granted only where "the court has misapprehended the facts, a party's position, or the controlling law"[18]—in other words, only in "extraordinary circumstances."[19]  "Furthermore, clear error normally requires the definite and firm conviction that a mistake has been committed based on the entire evidence, or that a particular factual determination lacks any basis in the record."[20]  The Tenth Circuit has additionally cautioned:

> [A] motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed . . . . It is not

---

[14] *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (citing Fed. R. Civ. P. 59(e), 60(b), and 54(b)).

[15] ECF 74 at 5.

[16] Fed. R. Civ. P. 59(e).

[17] *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995); *see also Christensen v. Triumph Aerostructures – Tulsa, LLC*, No. 4:18-cv-00511, 2020 WL 609748, at *1 (N.D. Okla. Feb. 7, 2020) ("A motion to reconsider may be considered on the following grounds: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." (internal quotation marks and citations omitted)).

[18] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining Rule 59(e) motion for reconsideration standard).

[19] *Van Skiver v. United States*, 952 F.2d 1241, 1244–45 (10th Cir. 1991).

[20] *Syntroleum Corp. v. Fletcher Int'l, Ltd.*, No. 08-cv-384, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009); *see also id.* ("[A] showing of clear error or manifest injustice does not directly authorize augmentation of the record. The motion to reconsider should be based on arguments that were previously raised but overlooked by the court.").

appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[21]

Thus, a motion for reconsideration should be denied when used to advance arguments that were made or could have been made earlier in the litigation.[22]

## ANALYSIS

Mabrey asks the court to reconsider its decision granting summary judgment for Everest on the basis that it "misapprehended Oklahoma law" in determining the notice-prejudice exception does not apply to a financial institution bond such as the Policy.[23]  In the alternative, Mabrey asks the court to certify the question to the Oklahoma Supreme Court.[24]  The court addresses each argument in turn.

### I.   Mabrey's Arguments do not Satisfy the Standard for Granting Reconsideration

Mabrey argues the court should reconsider its prior Order granting summary judgment for Everest because (1) facts are in dispute concerning whether Mabrey's notice was timely[25] and (2) the notice-prejudice exception to the Policy should have applied, thereby excusing Mabrey's allegedly late notice.[26]  Everest responds that Mabrey's Motion for Reconsideration "present[s]

---

[21] *Servants of Paraclete*, 204 F.3d at 1012; *see also Christensen*, 2020 WL 609748, at *1 ("A motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." (internal quotation marks and citations omitted)).

[22] *See, e.g., Servants of Paraclete*, 204 F.3d at 1012; *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018) ("[S]uch motions [for reconsideration] are not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.") (internal quotation marks and citations omitted); *Taber v. Allied Waste Sys., Inc.*, No. CIV-13-773-D, 2015 WL 3651531, at *2 (W.D. Okla. June 11, 2015) (denying motion for reconsideration when movants did "not point to an intervening change in controlling law or proffer evidence that[,] through the exercise of due diligence, they could not have previously presented.").

[23] ECF 74 at 5.

[24] *Id.*

[25] *Id.* at 6–8; *see also* ECF 78, *Mabrey's Reply in Support of its Motion to Reconsider* at 3.

[26] ECF 74 at 8–19; *see also* ECF 78 at 3–7.

no new facts or arguments previously unavailable" so it "should be denied out of hand."[27] Furthermore, Everest asserts (1) the facts regarding the timing of Mabrey's discovery of loss and provision of notice are not in dispute[28] and (2) the court correctly analyzed and applied Oklahoma law in holding the notice-prejudice exception did not apply to the Policy to excuse Mabrey's late notice.[29]  The court agrees with Everest and concludes Mabrey's arguments do not support reconsideration of the Summary Judgment Order.

Fundamentally, Mabrey's arguments in favor of reconsideration do not present new evidence or an intervening change in the controlling law as would support reconsideration.[30] Mabrey asserts it is not "just recycling old arguments."[31]  Rather, because the court found the notice issue to be dispositive, Mabrey seeks to present authority on the subject to demonstrate the court misapprehended existing law.[32]  But new arguments or facts supporting reconsideration are not new simply because they were not previously argued or presented—"the basis for the second motion must not have been available at the time the first motion was filed[.]"[33]  A motion for reconsideration is not an appropriate means of advancing arguments that could have been, but were not, raised in prior briefing.[34]  Mabrey does not assert that its current arguments could not have been raised in previous summary judgment briefing, only that it did not anticipate the notice issue would be dispositive.[35]  This is insufficient to warrant reconsideration.

---

[27] ECF 77, *Everest's Opposition to Mabrey's Motion to Reconsider* at 8.

[28] *Id.* at 9–10.

[29] *Id.* at 10–16.

[30] *See Servants of Paraclete*, 204 F.3d at 1012.

[31] ECF 78 at 2.

[32] *Id.*

[33] *Servants of Paraclete*, 204 F.3d at 1012.

[34] *Id.*

[35] *See* ECF 78 at 2.

Additionally, Mabrey's arguments for reconsideration do not present a need to correct clear error in the court's prior Order. Clear error warranting reconsideration "normally requires the definite and firm conviction that a mistake has been committed based on the entire evidence," and "should be based on arguments that were previously raised but overlooked by the court."[36] Mabrey's Motion does not present such an instance, but rather offers arguments that were available but not presented in the previous, extensive summary judgment briefing. Further, upon review of the additional arguments and authorities Mabrey presents, the court is not persuaded that a mistake has been committed or that its prior decision was "arbitrary, capricious, whimsical, or manifestly unreasonable."[37]

## II. Because Mabrey has neither alleged the existence of new law or evidence, nor made any convincing arguments that clear error exists, its Motion for Reconsideration is DENIED. The Court has Already Decided the Question Posed and will not Certify it for Reconsideration by the Oklahoma Supreme Court

Alternatively, Mabrey argues the question of whether the notice-prejudice exception applies to financial institution bonds is suitable for certification to the Oklahoma Supreme Court.[38]

---

[36] *Syntroleum Corp.*, 2009 WL 761322, at *1 (citation omitted).

[37] *Taber v. Allied Waste Sys., Inc.*, No. CIV-13-773-D, 2015 WL 3651531, at *2 (W.D. Okla. June 11, 2015), *aff'd*, 642 F. App'x 801 (10th Cir. 2016) (citing *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235 (10th Cir.2001)). Mabrey cites to *FDIC v. Kansas Bankers Surety Co.*, 963 F.2d 289, 294 (10th Cir. 1992) for the proposition that "unless time is of the essence, the insurer must show prejudice resulting from late notice." ECF 74 at 5 (quoting *Kan. Bankers Sur Co.*, 963 F.2d at 294). However, the court does not read the holding of *Kan. Bankers* so broadly. In *Kan. Bankers*, within the context of the FDIC attempting to collect on fidelity bond claims as receiver for multiple banks, the Tenth Circuit found the fidelity bonds "explicitly demonstrate[d] the parties' intent to make time of the essence." *Kan. Bankers Sur Co.*, 963 F.2d at 294. And the Circuit went on to hold: "Where time is of the essence in a contract, the parties have bargained for strict compliance with specific time requirements. Consequently, the parties inherently are prejudiced by noncompliance. No additional prejudice need be shown." *Id.* Here, claims are not asserted in the context of a receivership and the question of whether time is of the essence in the Policy has not been previously raised or argued by the parties. Mabrey does not contend that such arguments were not previously available. *See generally* ECF 74. A motion for reconsideration is not an opportunity for a second bite at the proverbial apple or "for the losing party to make its strongest case." *Christ Ctr. of Divine Philosophy*, 2018 WL 1770491, at *1; *see also Syntroleum Corp.*, 2009 WL 761322, at *1.

[38] ECF 74 at 19–20.

In determining whether to certify a question to the Oklahoma Supreme Court, this court looks to both federal law and Oklahoma state law.[39]  Pursuant to federal jurisprudence, the court will not certify every arguably unsettled question of state law to the relevant state supreme court—when the court sees a "reasonably clear and principled course, [it] will seek to follow it[.]"[40]  However, guided by Oklahoma state law, the court will certify a question to the Oklahoma Supreme Court "in circumstances where the question [] (1) may be determinative of the case at hand and (2) is sufficiently novel that [the federal court] feel[s] uncomfortable attempting to decide it without further guidance."[41]  Ultimately, whether to certify a question to a state supreme court rests within the sound discretion of the federal court and "[c]ertification is never compelled, even when there is no state law governing an issue."[42]

Mabrey asserts the application of the notice-prejudice exception to financial institution bonds is suitable for certification because this court has noted it is an issue of first impression under Oklahoma law and "the answer may be determinative of an issue pending before the [c]ourt."[43]  Everest responds that certification would not be appropriate because "even an adverse decision by the Oklahoma Supreme Court . . . would not 'determine the case.'"[44]  Everest argues that, even if Mabrey's late notice were excused, there would still be no coverage

---

[39] *See Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007).

[40] *Id.* (citing *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988)).

[41] *Id.*; *see also* Okla. Stat. tit. 20, § 1602 (1997) ("The Supreme Court . . . may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state.").

[42] *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 178 F.3d 1363, 1365 (10th Cir. 1999) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974)).

[43] ECF 74 at 19–20; *see also* ECF 78 at 2.

[44] ECF 77 at 16 (quoting *Okla. Conf. of NAACP v. O'Connor*, No. 21-6156, 2022 WL 1210088, at *1 (10th Cir. Apr. 21, 2022)).

under the Policy because Mabrey did not suffer a direct loss and coverage is precluded by Exclusion (k).[45]

At bottom, whether to certify a question to the Oklahoma Supreme Court is a decision within the sound discretion of this court.[46]  While the issue of whether the notice-prejudice exception applies to financial instruction bonds is one of first impression under Oklahoma law,[47] the question is not sufficiently novel that the court feels uncomfortable attempting to decide it without further guidance.[48]  Rather, the court has already reached a reasoned decision of the question in its Summary Judgment Order.[49]  Only after receiving an adverse ruling did Mabrey seek certification of the question already decided.  "Where a party does not initially request certification from the district court, but raises the issue for the first time after an adverse district court ruling, this weighs heavily against certification."[50]  Thus, the court will not certify the question to the Oklahoma Supreme Court.

---

[45] *Id.*

[46] *See Boyd Rosene and Assocs.*, 178 F.3d at 1365.

[47] *See* ECF 72 at 24.

[48] *See Pino*, 507 F.3d at 1236.

[49] ECF 72.

[50] *Meier v. Chesapeake Operating LLC*, 778 F. App'x 561, 565 (10th Cir. 2019); *see also Cray v. Deloitte Haskins & Sells*, 925 P.2d 60, 62 (Okla. 1996) ("Where the question certified has been adjudicated by the certifying federal trial court, jurisdiction to review the trial court's ruling ultimately lies with the federal appellate court.  We decline to afford appellate review of a ruling made by a federal judge under the guise of a certified question."); *see also, e.g.*, *In re Midpoint Dev., LLC*, 466 F.3d 1201, 1207 (10th Cir. 2006) (denying certification in part because movant did not seek certification until after it received an adverse decision from the district court); *Boyd Rosene & Assocs.*, 178 F.3d at 1364–65 (same); *Armijo*, 843 F.2d at 407 (same); *Ortiz v. Cooper Tire & Rubber Co.*, CIV-13-32-D, 2015 WL 11234148, at *3 (W.D. Okla. May 15, 2015) (same).

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration is DENIED.

SO ORDERED this 10th day of January, 2023.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge